**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0183-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALCHANE MAYES,
a/k/a HASSAN SMITH,

    Defendant-Appellant.

_____

          Submitted March 12, 2024 – Decided April 16, 2024

          Before Judges Sumners and Smith.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-05-1256.

          Alchane Mayes, appellant pro se.

          Theodore N. Stephens II, Essex County Prosecutor, attorney for appellant (Frank J. Ducoat, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals the denial of his motion for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

After a trial, defendant was convicted of three first-degree robberies. He was also convicted of second-degree kidnapping and six separate weapons charges.[1] Defendant was sentenced on September 16, 2016 to an aggregate term of forty-five years' incarceration in state prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirmed the conviction and sentence on direct appeal, State v. Mayes, No. A-0462-16 (App. Div. 2018) (slip op. at 2-3), and we incorporate the facts and procedural history from that opinion.

We note that on defendant's direct appeal, he argued, among other things, that the sentencing court erred because: his forty-five-year sentence was disproportionate to co-defendant Johnson's sentence and should be reduced; it imposed consecutive sentences on the two robbery convictions; and the trial court did not consider mitigating factor 14. We rejected these claims. Id. at 7-10.

---

[1] Co-defendant Jashon Johnson pled guilty to first-degree aggravated manslaughter, three counts of robbery, and a weapons charge. Johnson testified for the State against defendant at trial. After defendant's trial, Johnson was sentenced to an aggregate twenty-eight-year term of incarceration, subject to NERA, N.J.S.A. 2C:43-7.2.

A-0183-22

Defendant filed a PCR on August 8, 2020. After extensive discovery and briefing by the parties, the PCR judge heard argument on June 3, 2022, denying the motion without a hearing, and making findings.

First, the PCR court found trial counsel was not ineffective for declining to file a Wade motion concerning the identification testimony of one of the victims, Bruce Evans. The PCR court noted that trial counsel cross-examined Evans about his identification of defendant, and it found that even if defendant had gotten Evans' identification suppressed, the outcome at trial would not have changed due to the overwhelming evidence against defendant presented to the jury at trial.

Next, the court found defendant's argument that trial counsel was ineffective for failing to argue that two of the robbery charges should have been dismissed after his motion for judgment of acquittal was procedurally barred, as it was decided on the merits at trial.

The PCR court then found trial counsel was not ineffective for failing to object to the State's photograph of weapons at trial, and for not informing defendant of a plea offer. The court rejected these claims as wholly unsupported by facts. The PCR court also rejected defendant's cumulative error claim and his claim that appellate counsel was ineffective, finding appellate counsel's

representation "did not fall below an objective standard," and that "appellate counsel made the strategic decision to focus on arguments with the greatest potential to succeed."

Defendant appeals, making two points before us, neither of which were raised before the PCR court.  He contends:

> Point I:  THE COURT ERRED IN DENYING [DEFENDANT'S] PETITION TO CHANGE OR REDUCE AN OTHERWISE ILLEGAL SENTENCE.
>
> Point II:  THE MOTION COURT FAILED TO NOTICE THE DEFENSE OF LACK OF JURISDICTION IN THE COURT AT ANY TIME DURING THE PENDENCY OF THE PROCEEDINGS.

We use a de novo standard of review when a PCR court does not conduct an evidentiary hearing.  State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).  When petitioning for PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence."  State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).

We analyze ineffective assistance of counsel claims using the two-prong test established by the Supreme Court in Strickland.[2]  See Preciose, 129 N.J. at

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

459; see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a petitioner to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong of the [Strickland] test is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694). Rule 3:22-4(a) provides that "[a]ny ground for relief not raised in the proceedings resulting in the conviction, . . . or in any appeal taken in any such proceedings is barred from assertion in a proceeding . . . ."

We decline to address defendant's Point I because it was not raised below. State v. Galicia, 210 N.J. 364, 383 (2012). Even had he raised it, the argument would have been procedurally barred because we rejected it on direct appeal. Mayes, (slip op. at 7-10). Point II lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Given that defendant raised no issues on appeal which were argued before the PCR court, we are constrained to affirm without further comment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-0183-22